MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
TARA STEARNS (CSBN 291130)
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th St., Suite 3-700
San Francisco, CA 94103
Telephone: (202) 961-5737
Stearns.Tara.E@dol.gov
*Attorneys for Plaintiff*
*Acting United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT N. MICONE, III, Acting Secretary of Labor, United States Department of Labor<br><br>Plaintiff,<br><br>v.<br><br>SCA GENERAL CONTRACTING INC., a corporation; SUNDHEEP PANDHOH, an individual; and GARY TETONE, an individual,<br><br>Defendants. | Case No. 25-cv-365<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action under Sections 16 and 17 of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 216, 217. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1345 (United States as plaintiff).

2.      Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims in this enforcement action occurred within this District.

## SUMMARY OF ACTION

3.      The Acting Secretary of Labor, United States Department of Labor, brings this action to remedy Defendants' retaliation against workers who have asserted their right to be paid for their labor and ongoing failure to pay wages to their employees in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*

4.      Since at least November 2024, Defendants SCA General Contracting, Inc.; Sundeep Pandhoh; and Gary Tetone have repeatedly failed to pay the wages owed to at least 30 construction workers who have worked at Hyatt and Marriott hotel construction projects in the San Gabriel Valley, among other projects. Defendants failed to pay employees for multiple workweeks, including workweeks in which employees worked more than 40 hours. When employees complained, Defendants and their agents threatened to call the police on workers, demanded that workers sign waivers of their rights, and conditioned payment of past-due wages on employees continuing to work without pay. On February 11, 2025, Defendants also terminated an employee who complained about his wages and reported Defendants' abuses to the Department of Labor.

5.      The Acting Secretary of Labor brings this action to remedy the harm caused by Defendants' ongoing retaliation against workers and wage violations,

and to enjoin Defendants from continuing to violate the FLSA's minimum wage, overtime, anti-retaliation, anti-interference, and recordkeeping provisions, 29 U.S.C. §§ 206, 207, 211(a), 211(c), 215(a)(2), 215(a)(3), and 215(a)(5).

## **PARTIES**

6.      Plaintiff Vincent N. Micone, III, the Acting Secretary of Labor (the "Acting Secretary"), United States Department of Labor, is charged with enforcing the FLSA to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[.]" 29 U.S.C. § 202(a). In bringing actions under the FLSA, the Acting Secretary represents not only the interests of individual workers affected by violations of the law, but also the public interest in enforcement of the FLSA, including the interests of law-abiding competitors whose ability to compete is harmed by employers who flout the Act's requirements.

7.      Defendant SCA General Contracting, Inc. ("SCA") is a California corporation with a principal place of business at 4041 MacArthur Blvd, Ste 290, Newport Beach, CA 92660. SCA employs construction workers who perform drywall, metal framing, and taping work at commercial sites. At all relevant times, SCA has been an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d).

8.      Defendant Sundeep Pandhoh is an individual residing in Orange County. Defendant Pandhoh is the owner and President of SCA and he controls the daily operations of the company. Defendant Pandhoh hires and fires employees, decides employee pay rates, and keeps employment records for SCA's employees. At all relevant times, Defendant Pandhoh has been an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d).

9.      Defendant Gary Tetone is an individual residing in San Bernadino County. Defendant Tetone hires and fires employees, decides employee pay rates,

supervises employees' work, and keeps employment records for SCA's employees. At all relevant times, Defendant Pandhoh has been an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d).

### DEFENDANTS OPERATE AN ENTERPRISE COVERED BY THE FLSA

10.     At all relevant times, Defendants jointly controlled and operated SCA for the common business purpose of providing for-profit construction services.

11.     At all relevant times, SCA had an annual gross volume of sales made or business done of not less than $500,000.

12.     At all relevant times, two more of SCA's employees handled product made outside of California and transported into the state.

13.     At all relevant times, SCA has been an "enterprise," within the meaning of FLSA Section 3(r)(1), 29 U.S.C. § 203(r)(1).

14.     At all relevant times, Defendants' enterprise has been engaged in commerce or in the production of goods for commerce within the meaning of FLSA Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

### FACTS COMMON TO ALL CLAIMS

15.     Since at least March 2024, Defendants have employed construction workers who perform drywall, metal framing, and taping work at commercial construction sites. During this time, Defendants have employed workers who have worked at a Hilton hotel construction project in Arcadia, California and a Marriott hotel construction project in Pasadena, California, and other construction projects.

16.     Since at least November 2024, Defendants have repeatedly failed to pay wages to employees who have worked for SCA at these projects. Defendants failed to issue any paychecks to some workers for some workweeks, repeatedly telling them that their checks were not ready and to inquire later. Defendants also issued multiple checks to workers that bounced or could not be cashed due to

insufficient funds. Even when some of the paychecks did clear, they did not cover all the hours that employees worked.

17. As a result of these actions, many of Defendants' employees have not been paid any wages for multiple workweeks in which they performed work for Defendants. Some of these employees worked more than 40 hours per week in the workweeks for which they were not paid.

18. At the time of filing, Defendants continue to withhold wages owed to multiple employees who worked for SCA in January and February 2025 and received no wages for entire workweeks. Defendants also continue to issue paychecks to workers which cannot be cashed because of insufficient funds.

19. When Defendants failed to pay their employees, employees complained to Defendants and their agents about their unpaid wages. In response, Defendants and their agents told employees they needed to keep working for the company to be paid for the past wages owed to them.

20. In January 2025, SCA's office manager Gloria Velasquez and other SCA office personnel threatened to call the police on employees who went to the company's office to ask for their overdue wages.

21. Defendants also required workers to sign documents stating that they waived their rights before issuing a paycheck. If workers refused to sign, Defendants refused to issue the paychecks.

22. On February 11, 2025, Defendant Tetone terminated an employee named Carlos Aviles who had worked for SCA since approximately March 2024. Although Aviles had been hired through a "labor contractor," he had been paid directly by SCA Construction since at least November 2024. In the weeks before his termination, Aviles had repeatedly complained to SCA Office Manager Velasquez and Defendant Pandhoh that SCA owed him wages for several weeks of work. Aviles also reported to the Department of Labor that SCA office personnel

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
Case No. 25-cv-365                                                                 Page 5

threatened to call the police on him when he went to the SCA office on January 29, 2025 to request his wages. The Department's Investigator contacted Defendants' attorney about this incident on January 30, 2025. At the time of his firing, Defendant Tetone told Aviles that he was terminated because Velasquez did not want him on the jobsite anymore. Later, Defendant Pandhoh repeatedly contacted Aviles and asked why he was cooperating with the Department of Labor and what he had discussed with the Department.

23. In January 2025, the Wage and Hour Division, U.S. Department of Labor opened an investigation into Defendants' compliance with the FLSA.

24. As part of the investigation, the Wage and Hour Division served administrative subpoenas for records on Defendants Pandhoh and SCA on January 14, 2025. The subpoenas requested production of payroll records, time records, and other records relevant to Defendants' compliance with the FLSA.

25. Defendants requested an extension until February 11, 2025, but failed to comply with that deadline. Defendants still have not produced any records.

## CLAIMS FOR RELIEF

### First Cause of Action

### Violation of the Overtime Provisions of the FLSA

26. The Acting Secretary incorporates all facts alleged above.

27. Defendants have violated and continue to violate the overtime provisions of FLSA Sections 7(a) and 15(a)(2), 29 U.S.C. §§ 207(a), 215(a)(2), by employing their workers for workweeks longer than forty hours without properly compensating them for hours worked in excess of forty at rates not less than one and one-half times the regular rate at which they were employed. Since at least November 2024, Defendants have failed to pay multiple employees any wages for workweeks in which employees worked more than 40 hours per week. As a result, Defendants violated the FLSA's overtime requirements.

28.    Defendants have willfully violated and continue to willfully violate FLSA Section 7, 29 U.S.C. § 207. Defendants knew or should have known of the FLSA's overtime requirements but suffered or permitted their employees to work without properly compensating them.

## Second Cause of Action

### Violation of the Minimum Wage Provisions of the FLSA

29.    The Acting Secretary incorporates all facts alleged above.

30.    Defendants have violated and continue to violate the minimum provisions of FLSA Sections 6 and 15(a)(2), 29 U.S.C. §§ 206, 215(a)(2), by employing their workers without paying them at least the federal minimum wage of $7.25 per hour. Since at least November 2024, Defendants have failed to pay multiple employees any wages for multiple workweeks. As a result, Defendants violated the minimum wage requirements of the FLSA.

31.    Defendants have willfully violated and continue to willfully violate FLSA Sections 6 and 15(a)(2), 29 U.S.C. §§ 206, 215(a)(2). Defendants knew or should have known of the FLSA's minimum wage requirements but suffered or permitted their employees to work without properly compensating them.

## Third Cause of Action

### Violation of the Recordkeeping Provisions of the FLSA

32.    The Acting Secretary incorporates all facts alleged above.

33.    Defendants have violated and continue to violate the recordkeeping provisions of FLSA Sections 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c), 215(a)(5), by failing to make, keep, preserve and produce to the Wage and Hour Division employment records prescribed by the Department of Labor's regulations at 29 C.F.R. Part 516. Since at least November 2024, Defendants failed to make, keep, and produce to the Wage and Hour Division accurate records of employees' hours

worked, rates of pay, the wages paid to them, and other information required by 29 C.F.R. Part 516.

## Fourth Cause of Action

### Interference with FLSA Rights

34.    The Acting Secretary incorporates all facts alleged above.

35.    Defendants have violated and continue to violate the provisions of FLSA Section 15(a)(3), 29 U.S.C. § 215(a)(3) by retaliating against employees who complained about their unpaid wages. Defendants' retaliatory actions included terminating an employee who had complained about his wages and reported Defendants' violations of law to the Department of Labor, threatening to call the police on workers who asked for their wages, requiring workers to sign waivers of their rights to be paid, and conditioning payment for past-due wages on employees continuing to work without pay.

36.    Defendants have willfully violated and continue to willfully violate FLSA Section 15(a)(3), 29 U.S.C. § 215(a)(3). Defendants knew or should have known of the FLSA's anti-retaliation provisions but they repeatedly took retaliatory actions against employees who complained about their unpaid wages and coerced them to continue working without pay.

## Fifth Cause of Action

### Interference with the Acting Secretary's Investigation

37.    The Acting Secretary incorporates all facts alleged above.

38.    Since January 2025, Defendants have interfered with the Acting Secretary's investigation in violation of Section 11(a) of the FLSA, 29 U.S.C. § 211(a). Defendants have obstructed the Acting Secretary's investigation by withholding records from the Wage and Hour Division and threatening and intimidating workers to deter them from cooperating with the Department. Defendant' interference with the investigation has obstructed the Acting

Secretary's ability to determine the full scope of Defendants' FLSA violations and the employees affected by them.

39.    Defendants' interference with the Acting Secretary's investigation is willful and continuing.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, the Acting Secretary requests the following relief:

A.    An order under § 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with it from prospectively violating the FLSA's minimum wage, overtime, anti-interference, recordkeeping, and anti-retaliation provisions, 29 U.S.C. §§ 206, 207, 211(a), 211(c), 215(a)(2), and 215(a)(3);

B.    An order under § 17 of the FLSA, 29 U.S.C. § 217, reimbursing Defendants' current and former employees for wages lost as a result of Defendants' violations of § 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), plus an equal amount as liquidated damages;

C.    An order under § 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Defendants liable for unpaid overtime wages found due by the Court to Defendants' current and former employees as a result of Defendants' violations of § 7 of the Act, 29 U.S.C. § 207, plus an equal additional amount as liquidated damages;

D.    An order under § 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wage found due by the Court to Defendants' current and former employees as a result of Defendants' violations of § 6 of the Act, 29 U.S.C. § 206, plus an equal additional amount as liquidated damages;

E.    An order under § 16(b) of the FLSA, 29 U.S.C. § 216(b), holding

Defendants liable for all appropriate relief for their violations of § 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), including payment of wages lost and an equal amount of liquidated damages, punitive damages, compensatory damages, and reinstatement;

F.     In the event the Court does not award liquidated damages, an order under § 17 of the FLSA, 29 U.S.C. § 217, from continuing to withhold the payment of any unpaid wages that may be found by this Court to be due to Defendants' current and former employees, plus pre-judgment interest;

G.     For an order awarding the Acting Secretary the costs of this action; and

H.     An order granting any further relief that the Court may deem necessary or appropriate.

Dated: February 24, 2025                    Respectfully submitted,


EMILY SU
Deputy Solicitor of National Operations

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour


 /s/ Tara Stearns            .

TARA STEARNS
Senior Trial Attorney