# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT N. MICONE, III, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SCA GENERAL CONTRACTING INC., a corporation; SUNDEEP PANDHOH, an individual; and GARY TETONE, an individual,<br><br>Defendants. | Case No. 25-cv-00365<br><br>**ORDER GRANTING STIPULATED PRELIMINARY INJUNCTION** |

The United States Acting Secretary of Labor ("Acting Secretary") and Defendants SCA General Contracting, Inc. ("SCA"), Sundeep Pandhoh, and Gary Tetone (collectively, "Defendants") request that the Court enter this stipulated preliminary injunction to preliminarily restrain Defendants from engaging in actions that the Acting Secretary contends amount to retaliation, minimum wage and overtime violations, and obstruction of the Acting Secretary's investigation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

The Acting Secretary contends that Defendants violated the FLSA's minimum wage and overtime provisions by (1) repeatedly denying wages to dozens of construction workers who have performed work for Defendants; (2) threatened and intimidated workers who complained that they did not receive the wages they were owed; (3) failed to produce all records requested by the Acting Secretary, obstructing the Department's efforts to investigate the extent of Defendants' FLSA violations; and as a result, the Acting Secretary believes he is likely to succeed on the merits of his claims.

The Secretary believes Defendants' conduct necessitates the Stipulated Preliminary Injunction the Court orders below, and that if Defendants' conduct is not immediately rectified, Defendants' employees, Defendants' law-abiding competitors, and the Acting Secretary, who was authorized by Congress to enforce the FLSA in the public interest, will be irreparably harmed. The Acting Secretary contends that absent the injunction, Defendants will continue to deny workers their earned wages, intimidate and retaliate against workers who pursue their rights under the FLSA, and thwart the Acting Secretary's investigation. The term "employee" or "employees" as used in this Preliminary Injunction means any current and former workers who performed work for Defendants, including any workers hired or paid through a "labor contractor."

Thus, the Court hereby GRANTS the following Stipulated Preliminary Injunction:

The Court ENJOINS Defendants, including their agents, family members, attorneys, supervisors, managers, co-employers, employees, successors, or officers, owners, agents, or directors, and all those in active concert or participation with Defendants as follows:

1. Defendants are enjoined from violating 29 U.S.C. § 215(a)(3) by retaliating, intimidating, or discriminating in any way against any employee of Defendants who exercises their rights under the FLSA or to deter any employee from exercising those rights, including but not limited to complaining about their wages, testifying in this proceeding, or otherwise reporting information to the Acting Secretary. Prohibited retaliatory actions include but are not limited to termination, reduction of hours, and threats to report employees to law enforcement agencies, including immigration authorities. To ensure compliance with this provision, Defendants are further enjoined as follows:

   a. Defendants are enjoined from conditioning payment of past due wages to an employee on that employee continuing to work for Defendants.

   b. Defendants are enjoined from conditioning payment of past due wages to an employee on that employee signing a waiver of their rights.

   c. Defendants are enjoined from withholding any payment of past due wages to an employee in retaliation for their complaints about their wages, leaving their employment, or participating in the Acting Secretary's investigation.

   d. By March 3, 2025, Defendants must offer Carlos Alberto Aviles reinstatement to work for SCA doing drywall, framing, labor, or other comparable work for at least 40 hours per week at a rate of $28/hour.

2. Defendants must make, keep, and preserve accurate and complete

employment records as required by 29 U.S.C. § 211(c) and the regulations at 29 C.F.R. Part 516, and shall provide access to any of these records to the Acting Secretary upon request. To ensure compliance with this provision, Defendants are further enjoined as follows:

    a. Defendants are enjoined from falsifying hours employees worked or otherwise maintaining false information in any of the records the FLSA requires.

    b. Defendants must maintain accurate and complete records of all wages paid to each of their employees each pay period, including gross wages and deductions.

    c. Defendants must provide the Acting Secretary with access to all time and payroll records each pay period as they are completed.

    d. Before the start of each workweek, Defendants must produce to the Acting Secretary a list of workers who Defendants understand at that time will be working in each workweek, the location(s) in which they will be working.

3. Defendants are enjoined from violating 29 U.S.C. § 206 by failing to pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, wages at a rate of at least the federal minimum wage, which cannot be less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

4. Defendants are enjoined from violating 29 U.S.C. § 207 by failing to pay employees for overtime hours worked at a rate not less than one and one-half times the regular rate at which the employee is employed.

5. To ensure compliance with ¶¶ 1-4, Defendants are further enjoined as follows:

    a. Defendants must cease withholding all wages owed to employees from November 1, 2024 to present resulting from Defendants' failure to pay wages when due, distributing checks from accounts with insufficient funds, and withholding of pay from workers who stopped working, complained about their wages, or refused to sign waivers.

    b. Defendants are enjoined from failing to pay wages when due to employees.

    c. Defendants are enjoined from issuing checks to employees from accounts with insufficient funds.

    d. Before the start of each workweek, Defendants must provide to the Acting Secretary proof of sufficient funds to cover that week's payroll, based on Defendants' estimate of the week's payroll.

6. Defendants are enjoined from violating 29 U.S.C. § 211(a) by interfering or obstructing any investigation of the Acting Secretary, including by directing employees not to speak to the Acting Secretary or his representatives and/or otherwise deterring them from cooperating in any investigation of the Acting Secretary through threats or intimidation. To ensure compliance with this provision, Defendants are further enjoined as follows:

    a. Defendants are enjoined from instructing employees not to speak to representatives of the Acting Secretary or to provide false information to any representative of the Acting Secretary regarding the terms and conditions of their employment.

    b. Defendants must send the attached Exhibit A – Notice of Rights to all workers within three (3) days of the date of this Preliminary Injunction.

To ensure Defendants' compliance with 29 U.S.C. §§ 215(a)(3), 206, 207, 211(a), and 211(c), Defendants are FURTHER ENJOINED as follows:

7. By March 7, 2025, Defendants shall pay all employees who have worked for Defendants since November 1, 2024 and not received payment in full for the same, the full outstanding wages owed to them by cashier's checks. If any employees cannot be located, Defendants shall deposit the amounts owed to them with the Wage and Hour Division, U.S. Department of Labor and provide the Acting Secretary with a list of the unlocated employees' names, the amounts owed to them, and their last-known addresses, phone numbers, and email addresses. Defendants shall deposit such funds by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment Form - Western Region." All payments shall reference BW Case Number 1999528.

8. By March 7, 2025, Defendants will provide the Acting Secretary the following records:

   a. A list of all employees who are owed wages, the amounts owed to them, the pay period corresponding to the wages owed.

   b. A list of all of Defendants' employees since November 1, 2024, with each employee's most recent phone number, mailing address, and email address.

   c. Records of the daily and weekly hours employees have worked since November 1, 2024 (including daily timesheets), their rates of pay, and the basis for their pay (i.e. hourly or piece rate).

   d. Records of the wages, if any, Defendants have paid to each of employee for each pay period since November 1, 2024 and proof of payment such as canceled checks.

   e. An accounting of all checks that Defendants have issued to employees since November 1, 2024 that have been returned due to insufficient funds or have not yet been cashed.

   f. All records requested by the subpoenas served on Defendants by

the Wage and Hour Division on January 14, 2024.

9. All documents required to be produced to the Acting Secretary by this Preliminary Injunction must be produced in an electronic, searchable format to the extent Defendants' documents are maintained or may be generated in such a format. To the extent Defendants' documents are not kept or cannot be produced in an electronic, searchable format, Defendants will produce them in the same manner in which they are maintained by Defendant.

10. If the Acting Secretary determines that Defendants owe employees additional unpaid wages, Defendants shall provide cashier's checks to all such employees in the amounts specified by the Acting Secretary within ten (10) days of receiving the Acting Secretary's computations. If any employees cannot be located, Defendants shall deposit the amounts owed to them with the Wage and Hour Division, U.S. Department of Labor and provide the Acting Secretary with a list of the unlocated employees' names, the amounts owed to them, and their last-known addresses, phone numbers, and email addresses. Defendants shall deposit such funds by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment Form - Western Region." All payments shall reference BW Case Number 1999528.

    a. If Defendants contest the Acting Secretary's computations, they shall notify the Acting Secretary within five (5) days of receiving the computations. The parties shall meet and confer and attempt to reach agreement within five (5) days. If the parties cannot do so, either party may notify the Court.

    b. Within seven (7) days of such notice in paragraph 10.a being provided, the Acting Secretary will file an opening brief explaining his computations; Defendants shall respond within seven (7) days of the Acting Secretary's brief being filed; and the Acting

Secretary may file a reply within five (5) days of Defendants filing their response. The Court may resolve the parties' dispute through an evidentiary hearing or a decision on the papers.

11. Within three (3) days of the date of this Stipulated Preliminary Injunction, Defendants will provide this Stipulated Preliminary Injunction to all their supervisory employees and employees who process payroll.

12. Defendants shall comply with the FLSA as specified above in all other respects.

13. **The parties shall meet and confer and submit a joint report by March 12, 2025, setting forth their joint or separate proposals for further proceedings, including proposed dates for responsive pleadings, settlement discussions, and a scheduling conference. Failure to file such a report may result in dismissal of this matter without further warning.**

This Preliminary Injunction shall take effect immediately and shall remain in effect until entry of judgment or further order of this Court.

This Preliminary Injunction and supporting papers may be served on Defendants by Wage and Hour investigators. The Acting Secretary shall serve Defendants with this Preliminary Injunction by no later than Tuesday, March 4, 2025, at 4pm, and file Proof of Service within 48 hours.

**IT IS SO ORDERED**.

Dated: March 4, 2025

HON. MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

## **EXHIBIT A - NOTICE OF RIGHTS**

**To Current and Former Employees of SCA General Contracting, Inc.:**

The U.S. Department of Labor filed a lawsuit against Defendants SCA General Contracting, Inc., Sundeep Pandhoh, and Gary Tetone in the U.S. District Court for the Central District of California. The Court has ordered that Defendants provide you this Notice.

**Under federal law, you have the right to:**

- Be paid at least the minimum wage for each hour you work.
- Be paid for an overtime rate for each hour you work over 40 in a workweek (1.5 times your regular hourly rate).
- Have your employer keep accurate records of the hours you work, which includes permitting you to record all hours that you have worked; and
- Not be retaliated against or intimidated for complaining about pay or working conditions.

The Department of Labor filed this lawsuit to recover wages owed to workers employed by SCA General Contracting, Inc. If you are owed wages by SCA, you may contact the U.S. Department of Labor at:

Wage and Hour Division
U.S. Department of Labor
100 Barranca St
West Covina, CA 91791
Investigator Priscilla Cruz: 626-347-3315

The Court has ordered that Defendants may not retaliate against, intimidate, or attempt to influence or in any way threaten you for providing information to the Department of Labor.