**CUMMINS & WHITE, LLP**
Erick J. Becker, P.C. (Bar No. 137180)
E-mail: ebecker@cwlawyers.com
Garrett M. Fahy (Bar No. 267103)
E-mail: gfahy@cwlawyers.com
Joshua Park (Bar No. 299572)
E-mail: jpark@cwlawyers.com
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660-0764
Telephone: (949) 852-1800
Fax: (949) 852-8510

*Attorneys for Defendants*
*SCA GENERAL CONTRACTING*
*INC., SUNDEEP PANDHOH and*
*GARY TETONE*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI CHAVEZ-DEREMER, Secretary of Labor, United States Department of Labor,<br><br>                Plaintiff,<br><br>        v.<br><br>SCA GENERAL CONTRACTING INC., a corporation; SUNDEEP PANDHOH, an individual; and GARY TETONE, an individual,<br><br>                Defendants. | Case No.: 8:25-cv-00365-MEMF-KES<br><br>Judge: Hon. Maame Ewusi-Mensah Frimpong, Dept. 8B<br><br>**DEFENDANTS SCA GENERAL CONTRACTING INC., SUNDEEP PANDHOH AND GARY TETONE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br><br>Complaint Filed: February 24, 2025<br>Trial Date:        None Set |

Case No. 25-cv-00365                              -1-
DEFENDANTS SCA GENERAL CONTRACTING INC., SUNDEEP PANDHOH
AND GARY TETONE'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Defendants, SCA GENERAL CONTRACTING INC., SUNDEEP PANDHOH AND GARY TETONE, ("Defendants"), hereby answer the First Amended Complaint ("Complaint") by Plaintiff LORI CHAVEZ-DEREMER, Secretary of Labor, United States Department of Labor ("Plaintiff" or "DOL") as follows:

## I.   ANSWER

### JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 of the Complaint state conclusions of law to which no response is required.

2. The allegations contained in Paragraph 2 of the Complaint state conclusions of law to which no response is required.

### SUMMARY OF ACTION

3. The allegations contained in Paragraph 3 of the Complaint state conclusions of law to which no response is required.

4. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 4. However, Defendants affirm they are cooperating with the DOL to address and resolve the issues related to the alleged overdue wages claimed by the workers.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

### PARTIES

6. The allegations contained in Paragraph 6 of the Complaint state conclusions of law to which no response is required.

7. The allegations contained in Paragraph 7 of the Complaint state conclusions of law to which no response is required.

8. The allegations contained in Paragraph 8 of the Complaint state conclusions of law to which no response is required.

9. The allegations contained in Paragraph 9 of the Complaint state conclusions of law to which no response is required.

## DEFENDANTS OPERATE AN ENTERPRISE COVERED BY THE FLSA

10. The allegations contained in Paragraph 10 of the Complaint state conclusions of law to which no response is required.

11. The allegations contained in Paragraph 11 of the Complaint state conclusions of law to which no response is required.

12. The allegations contained in Paragraph 12 of the Complaint state conclusions of law to which no response is required.

13. The allegations contained in Paragraph 13 of the Complaint state conclusions of law to which no response is required.

14. The allegations contained in Paragraph 14 of the Complaint state conclusions of law to which no response is required.

## FACTS COMMON TO ALL CLAIMS

15. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 15. However, Defendants affirm they are cooperating with the DOL to address and resolve the issues related to the alleged overdue wages claimed by the workers.

16. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 16. However, Defendants affirm they are cooperating with the DOL to address and resolve the issues related to the alleged overdue wages claimed by the workers.

17. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 17. However, Defendants affirm they are cooperating with the DOL to address and resolve the issues related to the alleged overdue wages claimed by the workers.

18. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 18. However, Defendants affirm they are cooperating with the DOL to address and resolve the issues related to the alleged

overdue wages claimed by the workers.

19. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 19 but deny that they told employees they needed to keep working for the company to be paid for the past wages owed to them. Further, Defendants affirm they are cooperating with the DOL to address and resolve the issues related to the alleged overdue wages claimed by the workers.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit that certain waivers were executed, but Defendants deny as to the remaining allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25. Defendants are cooperating with Plaintiff in producing documents responsive to the administrative subpoenas and have, to date, produced over 2,000 pages of documents. Further, during the telephonic conference held on March 25, 2025, with Magistrate Judge Karen E. Scott, the Court extended the deadline for production to April 3, 2025.

**CLAIMS FOR RELIEF**

**First Cause of Action**

**Violation of the Overtime Provisions of the FLSA**

26. Defendants restate and incorporate by references their responses to Paragraphs 1 to 25 though fully set forth herein.

27. The allegations contained in Paragraph 27 of the Complaint state conclusions of law to which no response is required.

DEFENDANTS SCA GENERAL CONTRACTING INC., SUNDEEP PANDHOH
AND GARY TETONE'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

28. The allegations contained in Paragraph 28 of the Complaint state conclusions of law to which no response is required.

### Second Cause of Action

### Violation of the Minimum Wage Provisions of the FLSA

29. Defendants restate and incorporate by reference their responses to Paragraphs 1 to 28 though fully set forth herein.

30. The allegations contained in Paragraph 30 of the Complaint state conclusions of law to which no response is required.

31. The allegations contained in Paragraph 31 of the Complaint state conclusions of law to which no response is required.

### Third Cause of Action

### Violation of the Minimum Wage Provisions of the FLSA

32. Defendants restate and incorporate by references their responses to Paragraphs 1 to 31 though fully set forth herein.

33. The allegations contained in Paragraph 33 of the Complaint state conclusions of law to which no response is required.

### Fourth Cause of Action

### Interference with FLSA Rights

34. Defendants restate and incorporate by reference their responses to Paragraphs 1 to 33 though fully set forth herein.

35. The allegations contained in Paragraph 35 of the Complaint state conclusions of law to which no response is required.

36. The allegations contained in Paragraph 36 of the Complaint state conclusions of law to which no response is required.

### Fifth Cause of Action

### Interference with the Acting Secretary's Investigation

37. Defendants restate and incorporate by reference their responses to Paragraphs 1 to 36 though fully set forth herein.

38.    The allegations contained in Paragraph 38 of the Complaint state conclusions of law to which no response is required.

39.    The allegations contained in Paragraph 39 of the Complaint state conclusions of law to which no response is required.

**WHEREFORE,** this answering Defendants pray that: (i) DOL takes nothing by its Complaint; (ii) the DOL's Complaint herein be dismissed in its entirety with prejudice; (iii) Defendants recover their costs of suit herein, including their reasonable attorney's fees; and (iv) the court award such other and further relief as it deems appropriate.

## II.    AFFIRMATIVE DEFENSEES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.    As to each and every cause of action asserted in the Complaint, Plaintiff has failed to allege a claim upon which relief can be granted against answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.    Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Prima Facie Case)

3.    Defendants allege the Complaint, and each purported cause of action, contained therein, is barred because Plaintiff is unable to establish a prima facie case of unlawful action(s) by Defendants.

### FOURTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

4.    Defendants allege if and to the extent Plaintiff has sustained damages, these damages were not proximately caused by any conduct of Defendants as alleged

or otherwise. In the alternative, Plaintiff's alleged damages, if any, were proximately caused by the negligence, fault, and/or conduct or persons or entities other than Defendants. Plaintiff's damages, if any, must be reduced in proportion to the amount attributable to the conduct of persons or entities other than Defendants up to, and including 100 percent.

## FIFTH AFFIRMATIVE DEFENSE

### (Comparable Fault)

5. Defendants' conduct is not the sole and proximate cause of the alleged damages and losses, if any, of Plaintiff. Any damages awarded to Plaintiff must be apportioned according to the respective fault and legal responsibility of all parties, persons and entities or their agents and employees who contributed to and/or caused the alleged damages, if any, according to the proof of presented at the time of trial.

## SIXTH AFFIRMATIVE DEFENSE

### (Intervening Acts)

6. Defendants allege the Complaint, and each alleged cause of action contained therein, is barred in whole or in part because the injuries and damages of which Plaintiff complains, and for which Plaintiff seeks recovery, if any, were the results of causes independent of any purported acts or omissions on the part of Defendants, which causes operated as intervening and superseding causes, thereby cutting off any liability on the part of Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Third Party Liability)

7. Defendants allege that to the extent that any of the alleged wrongs were committed by others, any and all such claims are barred against Defendant in their entirety.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8. The Complaint, and each cause of action therein, is barred, in whole or in

part, by the doctrine of laches, including but not limited to, Plaintiff's failure to timely bring forward a complaint to Defendants, and Plaintiff's delay in pursuing a claim in an administrative proceeding or court proceeding.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

10.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

11.     At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Reckless Disregard)

12.     Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not Hours Worked)

13.     This action is barred to the extent Plaintiff seeks recovery of time that is not compensable time, i.e., "hours worked" under the FLSA.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages are Unconstitutional)

14.     To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA, and the United States Constitution.  Any award of punitive damages to Plaintiff in this case would be in

violation of the FLSA and the constitutional safeguards provided to Defendants under the Constitution of the United States.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Punitive/Liquidated Damages)**

15.     Plaintiff is not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(De Minimus)**

16.     Plaintiff's action is barred to the extent it seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

17.     Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Speculative Damages)**

18.     The injuries and damages, if any, suffered by Plaintiff are speculative, depend on the happening of events which are not reasonably certain to occur, may be mitigated by future events, and cannot be determined with the degree of certainty required by law.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Attorney's Fees)**

19.     Plaintiff is not entitled to recover from Defendants any amount for attorney's fees or costs pursuant to any statute.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Reservation of Rights to Assert Other Defenses)**

20.     Defendants reserve the right to assert such other affirmative defenses to

Plaintiff's claims as they may determine are available to them and should be asserted by them.

Respectfully submitted,

Dated: March 26, 2025                CUMMINS & WHITE, LLP


By: */s/ Garrett M. Fahy*
Erick J. Becker, P.C.
Garrett M. Fahy
Joshua Park
Attorneys for Defendants
SCA GENERAL CONTRACTING INC.,
SUNDEEP PANDHOH and GARY
TETONE

## CERTIFICATE OF SERVICE

*Vincent N. Micone, III. v. SCA General Contracting Inc., et al.*

United States District Court, Central District of California

Case No.: 25-cv-00365

I, the undersigned, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2424 S.E. Bristol Street, Suite 300, Newport Beach, CA 92660-0764.

On March 26, 2025, I served the following document(s) **DEFENDANTS SCA GENERAL CONTRACTING INC., SUNDEEP PANDHOH AND GARY TETONE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** on the interested parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope, addressed as follows:

MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
TARA STEARNS (CSBN 291130)
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th St., Suite 3-700
San Francisco, CA 94103
Telephone: (202) 961-5737
Stearns.Tara.E@dol.gov
*Attorneys for Plaintiff*
*Acting United States Secretary of Labor*

☑ **By CM/ECF:** I caused the above-referenced document(s) to be served to the attached-named person(s) at his/her/their e-mail address(es) of record. The transmission was reported as complete and without error.

Executed on March 26, 2025, at Newport Beach, California.

☑ **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

*/s/ Audrey C. Roberts*
Audrey C. Roberts

Case No. 25-cv-00365                    -11-
DEFENDANTS SCA GENERAL CONTRACTING INC., SUNDEEP PANDHOH AND GARY TETONE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT