IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI CHAVEZ-DEREMER, Secretary of Labor, United States Department of Labor,<br><br>                    Plaintiff,<br>        v.<br>SCA GENERAL CONTRACTING INC., a corporation; SUNDEEP PANDHOH, an individual; and GARY TETONE, an individual,<br><br>                    Defendants. | Case No. 8:25-cv-00365-MEMF-KES<br><br>**CONSENT JUDGMENT AND ORDER [DKT. NO. 146-1]** |

Plaintiff LORI CHAVEZ-DEREMER, Secretary of Labor ("the Secretary"), United States Department of Labor, and Defendants SCA GENERAL CONTRACTING INC., SUNDEEP PANDHOH, and GARY TETONE ("Defendants") have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Order as provided below.

### STATEMENTS BY THE PARTIES

A. The Secretary filed a Complaint alleging that Defendants violated Sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(3), and 215(a)(5).

1

B. Defendants acknowledged service of the Secretary's Complaint and waived service of the summons.

C. Defendants are represented by counsel, who have appeared in this action, and have answered the Complaint.

D. Defendants admit that the Court has jurisdiction over the Parties and the subject matter of this civil action, and that venue lies in the Central District of California.

E. The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment and Order without further contest.

F. Defendants acknowledge that they and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment and Order.

G. Defendants admit that at all relevant times, they operated a drywall construction business in Los Angeles County, California and neighboring counties, and that these activities constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

H. Defendants admit that at all relevant times they were employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), of construction workers who performed drywall installation, framing, taping, and related work, including the employees identified in **Exhibit 1** to this Consent Judgment, which is incorporated in and made part of this Consent Judgment and Order.

I. The Court entered a stipulated preliminary injunction requiring Defendants to pay their employees wages due under 29 U.S.C. §§ 206, 207, and 215(a)(3). (ECF 30). The Court previously made a partial finding that Defendants were required to pay employees $223,906.02 in back wages. (ECF 49, 105).

J. Defendants agree that, within 30 days of entry of this Consent Judgment, they will recognize as their employees within the meaning of Section

3(e) of the FLSA, 29 U.S.C. § 203(e) any individuals who currently perform drywall installation, framing, taping, or related work for their drywall construction business. Defendants agree that they will afford any such individuals all protections and safeguards guaranteed under the FLSA. Defendants further represent and agree that they will recognize as their employees any individuals in the future and who perform drywall installation, taping, or related work for their drywall construction business. The requirements of this paragraph do not apply to individuals who are employees of licensed subcontractors and not employees of Defendants as defined by the FLSA.

## **PERMANENT INJUNCTION**

Pursuant to the statements and agreements above, upon joint motion of the attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, and all persons and entities acting in active concert or participation with them, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1. Defendants shall not, contrary to FLSA Section 15(a)(3), 29 U.S.C. § 215(a)(3), discharge or in any manner discriminate against any employee because such employee has or is believed to have filed any wage complaint, including to Defendants, or has instituted or caused to be instituted any proceeding under the FLSA, or has provided information to the U.S. Department of Labor in any such proceeding. Prohibited retaliatory actions include but are not limited to termination, reduction of hours, and threats to report employees to law enforcement agencies. To ensure compliance with this provision, Defendants are further enjoined as follows:

   a. Defendants shall not condition payment of wages to any employee

        on that employee continuing to work for Defendants.

    b. Defendants shall not condition payment of wages to any employee on that employee signing a waiver of their rights.

    c. Defendants shall not withhold payment of wages to any employee in retaliation for their complaints about their wages, leaving their employment, or providing information to the Secretary.

    d. Defendants shall not instruct employees not to speak to representatives of the Secretary or to provide false information to any representative of the Secretary regarding the terms and conditions of their employment.

    e. Defendants shall distribute the attached **Exhibit 2 – Notice of Rights** in English and Spanish to all employees at all worksites within 7 days of the date of entry of this Consent Judgment and Order. Defendants shall provide a copy of **Exhibit 2** upon hire to all future employees of SCA who are hired to perform drywall installation, framing, taping, or related work.

2. Defendants shall not, contrary to FLSA Sections 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), employ any employees who in any workweek are engaged in commerce, within the meaning of FLSA Section 3, 29 U.S.C. § 203 or are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA Section 3, 29 U.S.C. § 203, wages at a rate less than the federal minimum wage, which cannot be less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

3. Defendants shall not, contrary to FLSA Sections 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce, within the meaning of FLSA Section 3, 29 U.S.C. § 203 or are employed in an enterprise engaged in commerce or in the production of goods

for commerce, within the meaning of FLSA Section 3, 29 U.S.C. § 203, for any workweek longer than 40 hours unless such employees receive compensation for their employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which they are employed.

    4.    To ensure compliance with paragraphs 2-3, Defendants are enjoined as follows:

    a. Defendants shall not fail to pay wages when due to any employee, including as specified in the notice required under paragraph 4.c.

    b. Defendants shall not issue checks to employees from accounts with insufficient funds.

    c. Within 10 days of the date this Consent Judgment and Order is entered, Defendants shall provide a written notice in English and Spanish to all current employees who perform drywall installation, framing, taping, and related work informing such employees of the pay period Defendants will use to process payroll (e.g., weekly) and the pay dates when wages will be due (e.g., each Friday). Defendants shall provide the same notice upon hire to all future employees hired to perform drywall installation, framing, taping, or related work. Defendants shall maintain copies of all such notices and provide them to the Secretary's representatives upon request.

    5.    Defendants shall not, contrary to FLSA Sections 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep, and preserve accurate records of employees and of the wages, hours, and other conditions and practices of employment maintained by Defendants, as required by these statutory provisions and the implementing regulations at 29 C.F.R. Part 516, and make such records available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access. To ensure compliance with

this provision, Defendants are further enjoined as follows:

    a. For a period of four years after entry of this Consent Judgment and Order, Defendants shall collect the names and contact information (phone numbers, email addresses, and home addresses) of all of Defendants' employees who work at their jobsites each week.

    b. For a period of four years after entry of this Consent Judgment and Order, Defendants shall maintain accurate and complete records of all hours worked by Defendants' employees at all jobsites and shall preserve all original timesheets used to record employee work hours.

    c. For a period of four years after entry of this Consent Judgment and Order, Defendants shall maintain accurate and complete records of all wages paid to each of their employees each pay period, including gross wages and deductions.

    d. For a period of four years after entry of this Consent Judgment and Order, Defendants shall provide all of Defendants' employees with an earnings statement for each payment made to such employees. The earnings statement shall state: (i) the employee's name; (ii) the pay period corresponding to the payment; (iii) the number of regular hours worked that pay period; (iv) the number of overtime hours worked in that pay period; (v) the employee's regular hourly rate of pay; (vi) the employee's overtime rate of pay; (vii) the gross amounts earned (straight time and overtime); (viii) any deductions; and (ix) the net amount paid.

    e. For a period of four years after entry of this Consent Judgment and Order, Defendants shall maintain proof of payment, such as canceled checks, for all wages paid to Defendants' employees.

    f. For a period of four years after entry of this Consent Judgment and

1  Order, Defendants shall maintain all records required to be created
2  and/or maintained under the FLSA and this paragraph for at least
3  three years and shall make these records available to the
4  Secretary's representatives upon request.

5  6.  Defendants shall not, contrary to FLSA Section 15(a)(3), 29 U.S.C.
6  § 215(a)(3), in any way, directly or indirectly, solicit, demand, require, or accept
7  the return of any of the back wages or liquidated damages paid to date in this
8  proceeding or required to be paid under this Consent Judgment and Order; nor
9  shall Defendants threaten or imply that adverse action will be taken against any
10 employee because of their receipt of funds to be paid under this Consent Judgment
11 and Order.

12  7.  Defendants shall not, jointly and severally, withhold payment of
13 $28,086, which is the still unpaid balance of the total back wages found due to the
14 employees identified in **Exhibit 1** for unpaid wages and overtime in the amounts
15 and for the time frames stated therein and to Carlos Aviles under FLSA Section
16 15(a)(3), 29 U.S.C. § 215(a)(3).

17

18  **JUDGMENT AND ORDER**
19  **FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section
20 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of Plaintiff Secretary of Labor as a
21 judgment owed to the United States of America and against all Defendants SCA
22 General Contracting, Inc.; Sundeep Pandhoh; and Gary Tetone, jointly and
23 severally, in the total amount of **$468,505.45**, comprised of: **$282,405.45** in
24 outstanding unpaid wages and overtime due to the individuals identified in **Exhibit**
25 **1** under FLSA Sections 6, 7, 15(a)(2), and 15(a)(3), 29 U.S.C. §§ 206, 207,
26 215(a)(2), 215(a)(3) **($269,319.45** of which has already paid and **$13,086.00** of
27 **which** remains outstanding); **$142,238** as liquidated damages to the individuals
28 identified in **Exhibit 1** pursuant to FLSA §§ 216(b), (c), 29 U.S.C. 216(b),(c);

**$15,000.00** in back wages owed to Carlos Aviles under FLSA Section 15(a)(3), 29 U.S.C. § 215(a)(3); **$15,000.00** in liquidated damages owed to Mr. Aviles under FLSA Section 16(b), 29 U.S.C. § 216(b), **$10,000** in compensatory damages owed to Mr. Aviles; and **$3,195.00** in FLSA civil monetary penalties pursuant to FLSA Section 16(e)(2), 29 U.S.C. § 216(e)(2). The civil money penalties are assessed against Defendants pursuant to FLSA Section 16(e), 29 U.S.C. § 216(e). Defendants waive the right to a hearing with respect to this assessment of civil money penalties.

Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT:**

    8.    To satisfy the judgment, Defendants shall make payments as follows:

        a. Defendants shall pay the Secretary the total gross amount of **$195,324.00** (consisting of the outstanding back wages for unpaid wages and overtime and liquidated damages owed to the individuals identified in **Exhibit 1** and the gross §15(a)(3) back wages, liquidated damages, and compensatory damages owed to Carlos Aviles) online by ACH transfer, credit card, debit card, or digital wallet using the "WHD Back Wage Payment Form - Western Region" form available at https://www.pay.gov/public/form/start/77761888. The payment shall reference **Case Number 1999528**. Defendants shall pay this amount in two installments: the first installment of **$159,186.00** shall be paid by January 20, 2026. The second installment of **$36,138.00** shall be paid by April 20, 2026.

        b. Defendants shall make the **$3,862** in civil monetary penalty payment (including interest) required by this Consent Judgment and Order to the U.S. Department of Labor by April 20, 2026. Defendants shall make this payment online by online by

8

ACH transfer, credit card, debit card, or digital wallet using the "WHD Civil Monetary Penalty – Western Region" form available at https://www.pay.gov/public/form/start/77743734. The payment shall reference **Case Number 1999528.**

9. The Secretary will file an amended **Exhibit 1** after Defendants have completed the payments due under this Consent Judgment and Order. The Secretary shall distribute the back wages and liquidated damages payments described in ¶ 8, less deductions for employees' share of payroll taxes and for employees' income tax withholding on the back wage amounts, to the employees identified in the amended **Exhibit 1**, or if necessary, to the employees' estates. If any monies are not distributed to employees within three (3) years from the date of the Secretary's receipt of final payment, because of an inability to locate the proper persons or because of their refusal to accept it, the Acting Secretary shall deposit the money into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

10. Defendants shall not make any deductions from any of the amounts to be paid to the Secretary under ¶ 8. Defendants are responsible for paying the employer-side payroll taxes due on any back wages due under this Consent Judgment.

11. In the event of any default in the timely making of any payment due hereunder, the full judgment amount which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of Defendants' default until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last available addresses of Defendants then known to the Secretary with electronic copies also concurrently e-served on Defendants and, if applicable, their counsel.

**FURTHER, IT IS HEREBY ORDERED THAT:**

12. The filing, pursuit, and/or resolution of this proceeding with the entry

of this Judgment shall not act as or be asserted as a bar to any action or claim under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any individual not named on the attached **Exhibit 1**, nor as to any individual named on **Exhibit 1** for any time period not included in **Exhibit 1**.

13. Each Party shall bear their own fees and other expenses incurred by such Party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

14. The Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

IT IS SO ORDERED.

Dated: January 6, 2026

_____
Maame Ewusi-Mensah Frimpong
United States District Judge

Consented to by:

FOR PLAINTIFF:

JONATHAN SNARE
Acting Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour

_/s/ Tara Stearns_          Date: 12/17/2025
Tara Stearns
Senior Trial Attorney
Attorneys for Plaintiff
United States Acting Secretary of Labor


FOR DEFENDANTS:

_/s/_          Date: 12/17/25
SCA GENERAL CONTRACTING INC.

By: _Sumdeep Tamdhoh_
        Printed name

Its: _President_
        Title

---

[PROPOSED] CONSENT JUDGMENT AND ORDER
Case No. 5:25-cv-00073

1

_____   Date: 12/17/25
2  SUNDEEP PANDHOH
3
4
5
6  _____   Date: 12/17/25
   GARY TETONE
7
8
9
10 *Approved as to form:*
11
   _____   Date: 12/17/25
12 Garrett Fahy
13 Joshua Park
   Cummins & White, LLP
14 2424 S.E. Bristol Street, Suite 300
15 Newport Beach, CA 92660
   Counsel for Defendants
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] CONSENT JUDGMENT AND ORDER
Case No. 5:25-cv-00073

# EXHIBIT 1

|    | First Name  | Last Name   |
|----|-------------|-------------|
| 1  | Adolfo      | Cruz        |
| 2  | Alberto     | Morales     |
| 3  | Alejandro   | Garcia      |
| 4  | Alex        | Milla       |
| 5  | Alfonso     | Martinez    |
| 6  | Alonzo      | Guarchaj    |
| 7  | Anciento    | Zaquero     |
| 8  | Andres      | Renoj       |
| 9  | Angel       | Melchor     |
| 10 | Antonio     | Gonzalez    |
| 11 | Antonio     | Olivas      |
| 12 | Antonio     | Ulloa       |
| 13 | Ariel       | Merlos      |
| 14 | Armando     | Aguilar     |
| 15 | Armando     | Valdez      |
| 16 | Billy       | Gonzalez    |
| 17 | Bryan       | Mejia       |
| 18 | Bryan       | Robles      |
| 19 | Bulmaro     | Barrera     |
| 20 | Carlos      | Aviles      |
| 21 | Carlos      | Morales     |
| 22 | Carlos      | Soriano     |
| 23 | Cesar       | Cruz        |
| 24 | Cesar       | Medina      |
| 25 | Christian   | Reyes       |
| 26 | Christopher | De la Torre |
| 27 | Clarissa    | Milla       |
| 28 | Cristian    | Chaves      |
| 29 | Cristian    | Martinez    |
| 30 | Daniel      | Barrera     |
| 31 | Darwin      | Hernandez   |
| 32 | David       | Alvarado    |
| 33 | David       | Partida     |

|    | First Name | Last Name |
|----|------------|-----------|
| 34 | David | Toro |
| 35 | Diego Rueda | Chavez |
|    |            |           |
| 36 | Edgar | Hernandez |
| 37 | Edgar | Luevano |
| 38 | Eduardo | Martinez |
| 39 | Eduardo | Morales |
| 40 | Efrain | Barrientes |
| 41 | Elisue | Tellez |
| 42 | Emanuel | Reyes |
| 43 | Enrique | Rueda |
| 44 | Eric | Alvarado |
| 45 | Eric | Lopez |
| 46 | Eric | Parra |
| 47 | Eric | Reyes |
| 48 | Erick | Guerra |
| 49 | Felipe | Parra |
| 50 | Fernando | Parra |
| 51 | Francisco | Medina |
| 52 | Francisco | Perales Jr |
| 53 | Francisco | Romero |
| 54 | Francisco | Rueda Chavez |
| 55 | Franklin Josue | Sis Tahucio |
| 56 | Fredy | Deleon |
| 57 | Genaro | Espinoza |
| 58 | Gerardo | Mora |
| 59 | Germain | Melchor |
| 60 | Germain J | Melchor |
| 61 | German | Munoz |
| 62 | Gil | Parra |
| 63 | Harol | Muro |
| 64 | Heber Giovani | Alvanez |
| 65 | Hector | Lara |
| 66 | Hector | Minero |

|    | First Name | Last Name |
|----|------------|-----------|
| 67 | Homero | Rueda Chavez |
| 68 | Jahir | Cruz |
| 69 | Javier | Reina |
| 70 | Jesse | Alvarez |
| 71 | Jesus | Arreola |
| 72 | Jesus | Gutierrez |
| 73 | Jesus M | Sanchez |
| 74 | Jhony | Garibay |
| 75 | Jhoselyn | Mendoza |
| 76 | Jovanni | Savala |
| 77 | Joel | Ruiz |
| 78 | Jorge | Madrid |
| 79 | Jose | Acevedo |
| 80 | Jose | Andrade |
| 81 | Jose | Camacho |
| 82 | Jose | Cardoza |
| 83 | Jose | Delgado |
| 84 | Jose | Galindo |
| 85 | Jose | Jeremais |
| 86 | Jose | Lopez |
| 87 | Jose | Luevano |
| 88 | Jose Octavio | Hinostrosa |
| 89 | Jose Arturo | Garcia Ortega |
| 90 | Jose Juan | Parra Medina |
| 91 | Jose Luis | Barajas |
| 92 | Josoe | Quiroz |
| 93 | Josue Alejandro | Valadez |
| 94 | Juan | Canizales |
| 95 | Juan | Lopez |
| 96 | Juan | Sauceda |
| 97 | Julio | de la Cruz |
| 98 | Julio | Urias |

|     | First Name  | Last Name  |
|-----|-------------|------------|
| 99  | Julissa     | Castellanos |
| 100 | Karol       | Castellanos |
| 101 | Katerine    | Castellanos |
| 102 | Kevin       | Chaves     |
| 103 | Kevin       | Saulcedo   |
| 104 | Koseberry   | Salabarra  |
| 105 | Leopoldo    | Galicia    |
| 106 | Luis        | Aguilar    |
| 107 | Luis        | Gustavo    |
| 108 | Luis        | Munoz      |
| 109 | Luis Angel  | Cupa       |
| 110 | Luis David  | Cruz       |
| 111 | Maggie      | Juarez     |
| 112 | Manuel      | Quezada    |
| 113 | Manuel      | Rodriguez  |
| 114 | Martin      | Mendoza    |
| 115 | Miguel      | Lopez      |
| 116 | Miguel      | Sainz      |
| 117 | Moises      | Marroquin  |
| 118 | Nelson      | Blanco     |
| 119 | Norman      | Zayala     |
| 120 | Omar Rios   | Bautista   |
| 121 | Oscar       | Martinez   |
| 122 | Pedro       | Lopez      |
| 123 | Pedro       | Mota       |
| 124 | Refugio     | Hernandez  |
| 125 | Reynaldo    | Padilla    |
| 126 | Rony        | Daily      |
| 127 | Salvador    | Solorio    |
| 128 | Santos      | Renoj      |
| 129 | Saul        | Garcia     |
| 130 | Tomas       | Salgado    |
| 131 | Victor      | Lara       |
| 132 | Victor A    | Infante    |

|     | First Name | Last Name |
|-----|------------|-----------|
| 133 | Victor Alfonso | Parra |
| 134 | Victor H | Lara |
| 135 | Victor Manuel | Rueda |
| 136 | Wilson | Abarca |
| 137 | Wilson | Munguia |

Case 8:25-cv-00365-MEMF-KES    Document 148    Filed 01/06/26    Page 17 of 19    Page ID #:1616

# EXHIBIT 2

## NOTICE OF EMPLOYEE RIGHTS

The U.S. Department of Labor ("DOL") has investigated SCA General Contracting, Inc., Sundeep Pandhoh, and Gary Tetone and found violations of the Fair Labor Standards Act. These employers have reached a settlement with the DOL and agreed to pay the amounts found due to workers.

### YOUR IMMIGRATION STATUS DOES NOT MATTER AND DOES NOT IMPACT YOUR WORKPLACE RIGHTS

You have legal rights under the Fair Labor Standards Act, including:

- ➢ The right to be paid at least the minimum wage for all hours that you work.
- ➢ The right to be paid overtime at a rate of 1.5 times your regular rate for all hours that you work over 40 hours in a workweek.
- ➢ The right to complain about your wages to your employer or the DOL without suffering any negative actions from your employer or anyone else.

If you receive a payment as part of this settlement, you have the right to keep the payment in full. No one is allowed to ask you to return any part of that payment to your employer.

If you think your employer has not correctly paid you or has violated your rights, please contact the Department of Labor at 1-866-487-9243.

**Your employer is prohibited from taking any negative action against you because you contacted the Labor Department.**

# EXHIBIT 2

## AVISO DE DERECHOS DE LOS EMPLEADOS

El Departamento de Trabajo de EE. UU. (DOL) ha investigado a SCA General Contracting, Inc., Sundeep Pandhoh y Gary Tetone y ha encontrado violaciones de la Ley de Normas Laborales Justas. Estos empleadores han llegado a un acuerdo con el DOL y han acordado pagar las cantidades adeudadas a los trabajadores.

<u>SU ESTATUS MIGRATORIO NO IMPORTA Y NO AFECTA SUS DERECHOS LABORALES</u>

<u>Usted tiene derechos legales bajo la Ley de Normas Laborales Justas, incluyendo:</u>

- ➢ El derecho a recibir al menos el salario mínimo por todas las horas trabajadas.
- ➢ El derecho a recibir horas extras a una tasa de 1.5 veces su salario regular por todas las horas trabajadas que excedan las 40 horas semanales.
- ➢ El derecho a presentar una queja sobre su salario ante su empleador o el DOL sin sufrir ninguna acción negativa por parte de su empleador o de cualquier otra persona.

Si recibe un pago como parte de este acuerdo, tiene derecho a conservarlo en su totalidad. Nadie puede exigirle que devuelva parte de dicho pago a su empleador.

Si considera que su empleador no le ha pagado correctamente o ha violado sus derechos, comuníquese con el Departamento de Trabajo al 1-866-487-9243.

**Su empleador tiene prohibido tomar medidas negativas en su contra por haberse comunicado con el Departamento de Trabajo.**